Filed 5/18/21  In re N.B. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re N.B., a Person Coming Under the Juvenile Court Law. | B309191 <br><br> (Los Angeles County Super. Ct. No. DK08623) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CRYSTAL B., <br><br> Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Nichelle Blackwell, Judge Pro Tempore. Conditionally reversed and remanded, with directions.

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

Children's Law Center, Nancy Sarinana, for Minor.

_____

Crystal B. (mother) appeals from orders denying her petition under Welfare and Institutions Code section 388 and terminating parental rights to her minor child N.B. (minor), pursuant to section 366.26.[1]  Counsel for mother, minor, and the Los Angeles County Department of Children and Family Services (the Department) have filed a joint application and stipulation seeking a limited reversal and remand with directions to the Department and the juvenile court to ensure compliance with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.).

Finding that the requirements of Code of Civil Procedure section 128, subdivision (a)(8), are satisfied, we

_____

[1] Further statutory references are to the Welfare and Institutions Code unless stated otherwise.

accept the stipulation, conditionally reverse the order terminating parental rights, and remand to the juvenile court to permit the parties to comply with the terms of their stipulation and to determine ICWA compliance.

*The Department agrees with mother's contention on appeal*

Mother's sole argument on appeal is that the Department did not comply with its duties of further inquiry and notice under ICWA and related California statutes. The Department agrees that it did not interview known maternal relatives following a December 9, 2014 detention hearing, and it did not provide requested information after the Choctaw Nation of Oklahoma responded to an ICWA notice. We agree that there is no evidence that the Department conducted the further inquiry required under ICWA or sent requested information to the Choctaw Nation of Oklahoma.

*The parties' stipulation meets statutory requirements*

Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following:  [¶]  (A) There is no reasonable possibility

3

that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8).)

Here, the parties have stipulated that upon remand,

1. The Department shall make all efforts to interview Mother, maternal aunt Christen B., maternal aunt Shondaleh B., and the maternal grandfather Eddie B. to obtain identifying information about N.B.'s possible Indian status. This information is to include the names, current and previous addresses, birthdates, birthplaces, and, if deceased, the dates and places of death of the following individuals: N.B., Mother, the maternal grandmother (Sonia B.), the maternal great-grandmother (Ruth H.), and the maternal great-grandfather (Bobby E.). The Department is only required to make three attempts to reach and interview the referenced family members if earlier attempts are unsuccessful.

2. The Department shall contact the four identified tribes—the Blackfeet Tribe of Montana, the Choctaw Nation

4

of Oklahoma, the Jena Band of Choctaw, and the Mississippi Band of Choctaw Indians—and provide the tribes with the information obtained from the referenced family members to learn whether N.B. is a member of a tribe or eligible for membership in a tribe.  This contact between the Department and the tribes may be in the form of telephone and/or email communications.

3.  The Department shall document its further inquiry investigation, including its efforts to interview the referenced family members, the information obtained from those interviews that do occur, its contact with the four identified tribes, and the information provided by the tribes, and provide said documentation and the results of its family members interviews and contact with the tribes to the juvenile court.

4.  At a noticed hearing with reappointed counsel for Mother, the juvenile court shall review the adequacy of the Department's further inquiry investigation and the information provided by the tribes.

5.  If the juvenile court finds the Department's further inquiry investigation was proper and, based on the information provided by the tribes, there is no "reason to know" N.B. is an "Indian child" as those terms were defined

5

at the time of the section 366.26 hearing (see 25 U.S.C. § 1912(a); §§ 224.2, subd. (e), 224.3, subd. (a)), the court shall reinstate the order terminating parental rights.

6. If the juvenile court finds the Department's further inquiry investigation was proper and, based on the information provided by the tribes, there is "reason to know" N.B. is an "Indian child" as those terms were defined at the time of the section 366.26 hearing (see 25 U.S.C. § 1912(a); §§ 224.2, subd. (e), 224.3, subd. (a)), the court shall proceed in compliance with ICWA, to include the Department providing formal ICWA notice to the tribe(s), the Secretary of the Interior, and the Bureau of Indian Affairs containing the information that the Department obtained from its interviews, the Department filing all ICWA notice forms, certified return receipts, and tribal/agency responses in the court, and the court holding a noticed hearing with reappointed counsel for Mother to determine the ICWA's applicability.

We conclude that a reversal based upon the above stipulation meets the requirements of section 128, subdivision (a)(8). First, we find "no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal." (Code Civ. Proc., § 128,

6

subd. (a)(8)(A).)  The two groups of nonparties who could potentially be adversely affected by a stipulated reversal are prospective adoptive parents and Indian tribes.  There is no reasonable possibility that the interests of either group will be adversely affected, because the stipulated reversal serves to expedite the Department's compliance with its statutory obligations under ICWA.  (See, e.g., *In re Rashad H.* (2000) 78 Cal.App.4th 376, 381 (*Rashad H.*); cf. *In re B.D.* (2019) 35 Cal.App.5th 803, 820 [denying request for stipulated reversal where agency acknowledged failure to alert court and parties to problems in minor's prospective adoptive home].)

Second, the parties' reasons for requesting a limited reversal with directions outweigh any erosion of public trust that may result from the reversal, as well as the risk of reducing any incentive for pretrial settlement.  The reason the parties are requesting reversal is to ensure compliance with ICWA.  The requested reversal therefore enhances public trust, rather than eroding it.  In terms of the risk of reducing incentives for pretrial settlement, "[t]here is no evidence that settlement is an option in connection with the Welfare and Institutions Code section 366.26 issues which will be addressed upon issuance of the remittitur.  Moreover,

7

the parties are in agreement that the case will be reversed anyway; so there is no risk that a stipulated reversal will reduce the incentive for settlement prior to the Welfare and Institutions Code section 366.26 hearing." (*Rashad H.*, *supra,* 78 Cal.App.4th at p. 381.)

## DISPOSITION

The order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed, and remanded for the limited purpose of the juvenile court ensuring compliance with the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) and related state statutes (Welf. & Inst. Code, § 224.1 et seq.). If the juvenile court determines there is no reason to know N.B. is an Indian child, then it shall reinstate the order terminating parental rights. The remittitur shall issue forthwith.

MOOR, J.

We concur:

RUBIN, P.J.

BAKER, J.

9